**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRAIAM ANDRES ESPINOZA-ARIAS,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No. 5:26-cv-06495-MBK<br><br>ORDER GRANTING WRIT OF HABEAS CORPUS |

Petitioner Braiam Andres Espinoza-Arias is a Venezuelan national who has been in immigration custody for nearly three months. In April 2023, Petitioner was inspected upon entry into the United States, issued a Notice to Appear, and paroled into the country so he could pursue his asylum claim. He has lived in the United States for nearly three years while his asylum application remains pending. On August 11, 2026, Immigration and Customs Enforcement ("ICE") officers detained Petitioner without notice or a hearing. On October 1, 2026, Petitioner asked the Adelanto Immigration Court for a custody redetermination. The Immigration Judge ("IJ") ruled that the court

"does not have" authority to redetermine custody under INA § 236(a), 8 U.S.C. § 1226(a), because Petitioner is an "arriving alien" under 8 C.F.R. § 1001.1(q), and denied release on that basis alone.

In his Petition, Mr. Espinoza-Arias argues that his detention violates the Immigration and Nationality Act and due process, and he seeks an order requiring Respondents to release him from detention. Respondent has not filed a response to the Petition or otherwise appeared in the case. In light of Respondent's non-opposition, the Court grants the Petition and orders Petitioner's immediate release.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner Braiam Andres Espinoza-Arias is a native and citizen of Venezuela. Dkt. 1 at 7. On April 7, 2023, Petitioner presented himself at the Camino Real Port of Entry in Eagle Pass, Texas, together with his spouse and cousin, and requested asylum. *Id.* United States Customs and Border Protection ("CBP") issued him a Notice to Appear ("NTA") charging him as inadmissible under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* CBP did not detain Petitioner, but instead paroled him into the United States for one year pending his removal proceedings under INA § 240, 8 U.S.C. § 1229a. *Id.* Petitioner provided his intended address in San Diego and a contact's information at that time. *Id.*

Since his release on parole, Petitioner has lived in the United States for three years. *Id.* His application for asylum remains pending. *Id.* During his time in the United States, Petitioner was arrested for vandalism and misdemeanor battery in San Diego County. *Id.* The battery charge was dismissed. *Id.* at 8. Petitioner was convicted of misdemeanor vandalism and placed on probation for three years. *Id.* The state court later set aside the

conviction and dismissed the case under California Penal Code § 1203.4. *Id.* Petitioner has no other arrests or convictions.

On August 11, 2026, ICE took Petitioner into custody after he attended an interview appointment for his affirmative asylum process. *Id.* ICE did not present or issue a Form I-200 warrant during his detention. *Id.* He received no hearing before he was re-detained. *Id.* On the same date, DHS issued and served a Notice to Appear ("NTA") at Santa Ana, California. The NTA alleges that Petitioner is not a citizen of the United States; that he is a native and citizen of Venezuela; that on April 7, 2023, he applied for admission at the Camino Real Port of Entry, Bridge 2, in Eagle Pass, Texas; and that he is an immigrant without valid entry documents. *Id.* The NTA charges him as inadmissible under INA § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* The NTA lists Petitioner's residence as 10250 Rancho Road, Adelanto, California 92301—the address of the detention facility—and ordered him to appear before the Adelanto Immigration Court on September 18, 2026. *Id.* The NTA designates Petitioner as an arriving alien. *Id.* at 8-9.

On October 1, 2026, an IJ heard Petitioner's request for a custody redetermination. *Id.* at 9. The IJ denied Petitioner's request for release because the IJ found that the Immigration Court does not have authority or jurisdiction to redetermine Petitioner's custody under INA § 236(a), 8 U.S.C. § 1226(a). *Id.* The IJ reasoned that Petitioner is an "arriving alien" under 8 C.F.R. § 1001.1(q) and INA § 235(a)(1), 8 U.S.C. § 1225(a)(1), relying on the "arriving alien" box checked on the NTA and Petitioner's arrival at a port of entry, which Petitioner acknowledged. *Id.* The IJ further found that the record did not show that Petitioner was "admitted" within the meaning of INA § 101(a)(13), 8 U.S.C. § 1101(a)(13), but instead showed that he was paroled. The IJ noted that parole under INA § 212(d)(5) terminates upon service of an

NTA under 8 C.F.R. § 212.5(e)(2)(i), and that an IJ cannot grant parole under § 212(d)(5) (citing *Matter of Singh*). *Id.* The IJ did not make any finding that Petitioner is a danger to the community or a flight risk. *Id.* at 9-10.

## II. DISCUSSION

Petitioner argues that he is entitled to release because, *inter alia*, his detention without notice or a hearing violated due process. Dkt. 1 at 15-16. Respondents have not filed a response to the Petition.

"The Court has been told that the United States Attorney's Office is adopting a practice and policy of making no appearance—and filing no answer, even one that contains a non-opposition statement—if Respondents have no intent to oppose a given immigration habeas petition after it has screened the petition on the merits." *Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883, at *1 (C.D. Cal. Sept. 18, 2026). In light of Respondents' failure to enter an appearance or oppose the Petition, Respondents have conceded Petitioner's claims. *See Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim"); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412,

at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, “[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims”).

In light of Respondent’s non-opposition, the Court finds that Petitioner has shown that his detention violates due process. This Court has previously found that noncitizens in circumstances comparable to Petitioner’s were entitled to release because their re-detention without a hearing or a material change in circumstances violated due process. *See e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Based on Respondents’ non-opposition and for the reasons stated in those decisions, the Court finds that Petitioner is entitled to release based on his due process claim.

## III. CONCLUSION

For the foregoing reasons it is ORDERED that: (1) a writ of habeas corpus be issued requiring Petitioner Braiam Andres Espinoza-Arias’ (A# 246-789-724) immediate release subject to the same terms and conditions as his parole and prohibiting his re-detention absent material changed circumstances justifying his detention; and (2) that Respondents file a status report within three (3) calendar days from the date of this order confirming Petitioner’s release and compliance with this order.

Dated: November 10, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE